IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GLEN ALAN SPICER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:06CR299-1<br>1:08CV747 |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This action is before the Court on Petitioner's second Federal Rule of Civil Procedure 60(b) Motion [Doc. #245]. The Motion is directed to the Court's denial of Petitioner's prior Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 in October 2008. For the reasons set out below, Petitioner's Rule 60(b) motion should be denied.

Petitioner is proceeding pursuant to Rule 60(b)(4) and (b)(6). (Motion [Doc. #245] at 3.) In his Motion, Petitioner claims that by "failing to address all of the cognizable claims [he raised in his Section 2255 motion] this court violated due process of law [and] as a result of that transgression the § 2255 judgment is void." (Id.) Petitioner specifically contends that his original Section 2255 Motion raised the following grounds for relief and that the Court never adjudicated the merits of the claims: "(1) The government breached the plea agreement by failing to disclose to the court and to the United States Probation Office that some of the trial testimony was perjured. (2) Trial counsel was ineffective for not disclosing the perjury nor seeking to withdraw the plea agreement based on the perjury, etc. (3) Trial counsel was ineffective for failing to consult with Mr. Spicer or otherwise file a notice of appeal." Petitioner

now asks that the Court reopen the Section 2255 proceeding and adjudicate the merits of the claims he alleges were not addressed.

In considering these contentions, the Court notes that an evidentiary hearing was held on Petitioner's original § 2255 Motion, and Attorney Mark Edwards was appointed to represent Petitioner at the hearing. During direct examination at the evidentiary hearing, the following colloquy occurred between Petitioner and his attorney:

> Q. Do you now withdraw the claim that you expected [trial counsel] to file an appeal in your case?
> A. Yes.
> Q. Do you also withdraw the claim that you expected [trial counsel] to file a motion to withdraw the plea in your case?
> A. Yes.
> Q. Mr. Spicer, what relief are you asking from the Court? You asked for a number of different types of relief in your motion. What would you like to see happen in your case?
> A. A sentencing correction.
> Q. A resentencing?
> A. Yes, a resentencing.

(Tr. of Evidentiary Hearing [Doc. #213] at 13.)

In resolving the original § 2255 Motion after the hearing, the Court recognized that Petitioner had originally raised three possible claims for relief in his § 2255 Motion – the same claims listed above in the present Motion. However, the Court also found that at the evidentiary hearing, "Petitioner altered his claims significantly." (Recommendation [Doc. #214] at 3.) The Court then considered the claims advanced by Petitioner at the hearing and recommended that relief be denied. The Court deemed the other claims raised in Petitioner's § 2255 Motion to be abandoned. (Id.) Petitioner, through counsel, objected [Doc. #216] to the Court's conclusions on the claims addressed, but did not contend that the Court had improperly failed to address

claims originally raised in his § 2255 Motion. The District Judge adopted the Recommendation [Doc. #219] and ordered that Petitioner's Motion to Vacate Sentence be denied. Judgment was entered on February 23, 2011.

No further filings were made in Petitioner's case until he filed a Motion to Vacate Sentence/Rule 60(b) motion on March 1, 2012 [Doc. #221], and an Amended Motion on March 2, 2012 [Doc. #222] (1:12CV565). In resolving those motions, this Court concluded that to the extent Petitioner was challenging his prior conviction, he had failed to obtain permission from the Fourth Circuit to file a second or successive motion, as required by 28 U.S.C. § 2244 and § 2255. Petitioner then argued that he was in fact attempting to raise the following Rule 60(b) claims: (1) counsel rendered ineffective assistance in the Section 2255 proceeding; (2) the Section 2255 proceeding was a sham because without a challenge to the plea the Court was unable to order any relief; (3) the government perpetrated a fraud upon Petitioner by withholding information; and (4) the government prosecutor was not licensed to practice law. (Motion [Doc. #225] at 2.) This Court then examined these claims under Rule 60(b) and recommended that relief be denied. The District Judge adopted that Recommendation. Petitioner appealed, but the Fourth Circuit dismissed his appeal. Petitioner then filed the instant Motion.

To the extent Petitioner again seeks relief under Rule 60(b)(6), this Court has already considered and rejected the prior Rule 60(b) Motion by Petitioner challenging the § 2255 proceedings, and there is no basis to reconsider that determination. Moreover, to the extent Petitioner now raises contentions based on the Court's alleged failure to address all of his original § 2255 claims, the record is clear that Petitioner chose to withdraw those claims during

3

the evidentiary hearing on his original § 2255 Motion, and the Court therefore deemed those claims abandoned. Thus, the Court was simply allowing amendments requested by Petitioner and his attorney during the evidentiary hearing. Under these circumstances, there was no error in deeming those claims abandoned, and there are no extraordinary circumstances that would warrant reopening the Judgment under Rule 60(b)(6).

In addition, to the extent Petitioner seeks relief under Rule 60(b)(4), the Court notes that Rule 60(b)(4) applies only if the judgment is void, and in this case, even if the Court had failed to address all of his claims as Petitioner contends, the judgment would not be void. "A judgment is not 'void' under Rule 60(b)(4) merely because it is erroneous." Cromer v. Kraft Foods N.A., Inc., 390 F.3d 812, 817 (4th Cir. 2004). "'It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" Id. (quoting Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992)). In this case, Petitioner received due process of law in his § 2255 proceeding. Counsel was appointed to assist him and he was afforded an evidentiary hearing to present his evidence. As discussed in the Court's prior Recommendation denying Rule 60(b) relief, although Petitioner challenges counsel's strategic decisions at the hearing, those challenges would not warrant relief under Rule 60(b). Further, the Court properly exercised jurisdiction over the subject matter and the parties. Therefore, Rule 60(b)(4) offers no relief for Petitioner.[1]

---

[1] In contrast, in United States v. Gonzalez, 570 F. App'x 330 (4th Cir. 2014), cited by Petitioner, Rule 60(b)(4) relief was available because the court had conducted an evidentiary hearing but failed to appoint counsel, in violation of Rule 8(c) of the Rules Governing 2255 Proceedings. No such structural error occurred in the present case.

4

In sum, Petitioner has failed to show "extraordinary circumstances" warranting Rule 60(b)(6) relief, and has failed to show that the judgment is void warranting Rule 60(b)(4) relief. The Court also notes again that to the extent Petitioner seeks to attack his conviction or sentence, he must file first obtain authorization from the Court of Appeals to file a second or successive motion under 28 U.S.C. § 2255.

IT IS THEREFORE RECOMMENDED that Petitioner's Rule 60(b) motion [Doc. #245] be denied, and that this action be dismissed without prejudice to Petitioner filing a new Motion under 28 U.S.C. § 2255 if he obtains authorization from the Court of Appeals for the Fourth Circuit to file a second or successive motion.

This, the 6th day of January, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge